UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MCKEON PRODUCTS, INC.,

    Plaintiff,

v.

HONEYWELL SAFETY PRODUCTS
USA, INC., successor-in-interest to
HOWARD S. LEIGHT AND
ASSOCIATES, INC.

    Defendant.
_____/

Case No. 95-cv-76322

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

**OPINION AND ORDER: (1) ADOPTING MAGISTRATE JUDGE STAFFORD'S MAY 23, 2019 AMENDED REPORT AND RECOMMENDATION (ECF NO. 68);
(2) OVERRULING DEFENDANT'S OBJECTIONS (ECF NO. 70);
(3) DENYING DEFENDANT'S RENEWED MOTION FOR LEAVE TO FILE DECLARATION OF KORRIE LARKIN IN SUPPORT OF OBJECTIONS (ECF NO. 71);
and (4) GRANTING PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE THE COURT'S 1997 FINAL JUDGMENT AND PERMANENT CONSENT ORDER (ECF NO. 32)**

This action involves Plaintiff McKeon Products Inc.'s ("McKeon") effort to reopen this case to enforce the Court's February 11, 1997 Final Judgment and Permanent Consent Order Against Honeywell Safety Products USA, Inc., successor-in-interest to Howard S. Leight & Associates, Inc. (ECF No. 32). On May 23, 2019, Magistrate Judge Elizabeth A. Stafford issued an Amended Report and Recommendation to grant McKeon's motion to reopen this case to enforce the final

judgment and consent order, and to order Defendant Honeywell Safety Products USA, Inc., as successor-in-interest to Howard S. Leight and Associates, Inc. ("Honeywell"), to cease selling Max and Max-Lite earplugs through the retail market, including the online retail market, as required by the permanent injunction. (ECF No. 68, Amended Report and Recommendation.)

Defendant Honeywell filed Objections to the Magistrate Judge's Amended Report and Recommendation that are presently before this Court. (ECF No. 70, Honeywell's Objections to the May 23, 2019 Amended Report and Recommendation.) Honeywell argues that the Magistrate Judge, although finding the Consent Order not ambiguous, impermissibly considered extrinsic evidence and failed to conduct an evidentiary hearing. Honeywell further argues that because McKeon failed to enforce the Consent Order against the sale of Max earplugs by retail mass merchandisers, including online retail mass merchandisers, for ten or more years, it is barred by the doctrine of laches from now enforcing the Consent Order. McKeon responded to those Objections (ECF No. 74, Plaintiff's Response), and Honeywell filed a reply brief in support of its Objections (ECF No. 75, Defendant's Reply). Also before the Court is Defendant Honeywell's Renewed Motion for Leave to File Supplemental Declaration of Korrie Larkin (ECF No. 71),

to which Plaintiff McKeon has responded in opposition (ECF No. 72), and to which Honeywell has replied (ECF No. 73).

Having conducted a *de novo* review of the portions of the Magistrate Judge's Amended Report and Recommendation to which the Objections were filed by Defendant, as well as Plaintiff McKeon's Motion to Reopen Case and Enforce the Court's Final Judgment and Consent Order, the Court rejects Defendant's Objections (ECF No. 70), adopts Magistrate Judge Stafford's Amended Report and Recommendation (ECF No. 68), denies Defendant Honeywell's Renewed Motion for Leave to File Supplemental Declaration of Korrie Larkin (ECF No. 71), and now grants Plaintiff McKeon's Motion to Reopen Case and Enforce the Court's 1997 Final Judgment and Permanent Consent Order against Defendant Honeywell, successor-in-interest to Howard S. Leight & Associates, Inc. (ECF No. 32.)

## I.  BACKGROUND

Plaintiff McKeon has sold its soft earplugs under the name "MACK'S" since the 1960's. (ECF No. 32, Pl.'s Mot. to Reopen Case, PgID 11.) Defendant Honeywell's predecessor, Howard S. Leight & Associates, Inc. ("Howard Leight"), began selling its own line of earplugs under the trademark "MAX" in 1986. (*Id.*) McKeon sued Howard Leight in 1995, and in 1996 moved for a preliminary injunction, alleging that Howard Leight's sales of earplugs under the registered

3

"MAX" and "MAX-LITE" trademarks violated the Lanham Act, the Michigan Consumer Protection Act, and Michigan common law. (ECF Nos. 1, 8, 10.) The parties settled in 1997, and memorialized their agreement in a Final Judgment and Permanent Consent Order Against Howard S. Leight & Associates, Inc., dated February 11, 1997. (ECF No. 32-2, Consent Order.) It is undisputed that Defendant Honeywell is a successor-in-interest to Howard S. Leight & Associates, Inc. and thus bound by the terms of the Consent Order.

On March 21, 2018, Plaintiff McKeon filed its Motion to Reopen Case and Enforce the Court's Final Judgment and Permanent Consent Order. (ECF No. 32.) McKeon argues that Defendant Honeywell is violating the Consent Order by selling Max and Max-Lite earplugs through the online retail market. McKeon's motion was fully briefed by the parties (ECF Nos. 40, 44), and referred to Magistrate Judge Elizabeth Stafford for a report and recommendation. (ECF No. 52.) The Magistrate Judge issued her Report and Recommendation on November 13, 2018. (ECF No. 58.) On May 22, 2019, this Court vacated the Magistrate Judge's Report and Recommendation, denied as moot Defendant Honeywell's Objections and its Motion for Leave to File Supplemental Declaration of Korrie Larkin, and recommitted the matter to the Magistrate Judge for clarification and a revised report and recommendation. (ECF No. 67.) Magistrate Judge Stafford issued an Amended

4

Report and Recommendation on May 23, 2019. (ECF No. 68.) Now before the Court are Defendant Honeywell's Objections to the Amended Report and Recommendation, McKeon's response in opposition to those Objections, and Honeywell's reply in support. (ECF Nos. 70, 74, 75.)

On November 27, 2019, the Court referred this matter to facilitative mediation (ECF No. 77); the matter did not resolve. Accordingly, the Court now addresses the Magistrate Judge's Amended Report and Recommendation, to which Defendant Honeywell filed Objections, as well as Honeywell's Renewed Motion to File Supplemental Declaration of Korrie Larkin.

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the magistrate judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially

5

consider." *Id.* (internal quotation marks omitted). A general objection, or one that merely restates arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

When interpreting a consent decree as written, the Court must focus solely on the language of the consent decree itself. The Sixth Circuit has explained that:

> The Supreme Court has noted that "consent decrees bear some of the earmarks of judgments entered after litigation" and that "[a]t the same time, because their terms are arrived at through mutual agreement of the parties, consent decrees also closely resemble contracts." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 519, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986). It is this resemblance to contracts that requires that the scope of a consent decree "be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to" the consent decree. *United States v. Armour & Co.*, 402 U.S. 673, 682, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971). Therefore, while Navistar's argument that the parties' original intent was to permanently reduce Navistar's retiree healthcare costs might be relevant in a motion to modify the consent decree, <u>the interpretation of the consent decree as written should focus only within the four corners of the consent decree</u>.

*Shy v. Navistar Int'l Corp.*, 701 F.3d 523, 530 (6th Cir. 2012) (emphasis added). Only "[i]f the language of the decree is ambiguous [may] the court's interpretation [] depart from the four corners." *Dotson v. HUD*, 731 F.2d 313, 318 (6th Cir. 1984).

### III.   ANALYSIS

The Court has conducted a *de novo* review of the portions of the Magistrate Judge's Amended Report and Recommendation to which Defendant Honeywell has filed specific objections, and reviewed the February 11, 1997 Final Judgement and Permanent Consent Order, as well as the underlying briefing on Plaintiff McKeon's Motion to Reopen Case and Enforce the Court's Final Judgment and Consent Order.

The Court concurs with the Magistrate Judge's Amended Report and Recommendation, that the four corners of the 1997 Consent Order preclude Honeywell from selling Max and Max-Lite earplugs in the Retail Market, consisting of all retail establishments including the Drug and Grocery Market and retail mass merchandisers. (Amended Report at pp. 13-15, PgID 615-17) (Consent Order, E. Permanent Injunction, PgID 30-32.)

This Court will enforce the 1997 Final Judgment and Permanent Consent Order.

This Court rejects Defendant Honeywell's contention that the doctrine of laches applies against this motion by Plaintiff McKeon to enforce the 1997 Consent Order. This Court notes, with approval, the 2020 decision in *Cernelle v. Graminex, L.L.C.*, 437 F. Supp. 3d 574 (E.D. Mich. 2020), which addressed alleged appropriation of the plaintiff's trademarks, that was resolved by a settlement that

7

included a permanent injunction, and thereafter the plaintiff's motion to enforce the settlement agreement. In *Cernelle*, the defendants contended, *inter alia*, that the court should apply the doctrine of laches and not invoke its inherent power to enforce the injunction because of the plaintiff's delay in returning to court to enforce the settlement agreement. United States District Judge David Lawson rejected the defendant's laches argument, and issued an order granting the plaintiff's motion to enforce the settlement agreement, stating:

> And in the Sixth Circuit, laches does not foreclose the plaintiff's right to injunctive relief and post-filing damages. *Nartron Corp.* [*v. STMicroelectronics, Inc.*], 305 F.3d [397,] 412 [(6th Cir. 2002)] (citing *Kellogg Co. v. Exxon Corp.*, 209 F.3d 562, 568 (6th Cir. 2000)).

*Cernelle*, 437 F. Supp. 3d at 603. The instant case also involves trademark issues resolved through a consent order, and thereafter a motion to enforce a settlement agreement. (See Consent Order ¶¶ A, E.8., PgID 29, 31; ECF No. 32.) The Court agrees with Judge Lawson's reasoning, and concludes that the doctrine of laches does not apply to bar Plaintiff McKeon's request for injunctive relief.

Finally, Defendant Honeywell's Renewed Motion for Leave to File Supplemental Declaration of Korrie Larkin (ECF No. 71) is denied.

## IV.  CONCLUSION

For the reasons stated above, the Court hereby: (1) OVERRULES Defendant Honeywell's Objections to the Magistrate Judge's Amended Report and Recommendation (ECF No. 70); (2) ADOPTS the Amended Report and Recommendation of Magistrate Judge Elizabeth Stafford (ECF No. 68); (3) DENIES Defendant Honeywell's Renewed Motion for Leave to File Supplemental Declaration of Korrie Larkin (ECF No. 71); (4) GRANTS Plaintiff McKeon's Motion to Reopen Case and Enforce the Court's Final Judgment and Permanent Consent Order of February 11, 1997 (ECF No. 32); and (5) ORDERS, as required by the February 11, 1997 Final Judgment and Permanent Consent Order, that Defendant Honeywell, successor-in-interest to Howard S. Leight & Associates, Inc., cease selling Max and Max-Lite earplugs to and through the Retail Market, consisting of all retail establishments including the Drug and Grocery Market, sporting goods stores, and retail mass merchandisers, including online retail mass merchandisers such as Amazon.com and Walmart.com.

IT IS SO ORDERED.

Dated: November 25, 2020  　　　　　　　s/Paul D. Borman   
　　　　　　　　　　　　　　　　　　　Paul D. Borman  
　　　　　　　　　　　　　　　　　　　United States District Judge

9